IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
(LUFKIN DIVISION)

| | | |
|---|---|---|
| WILLIS ALLEN YORK, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION No. 9:07cv169 |
| | § | JURY DEMAND |
| | § | |
| UNION PACIFIC RAILROAD | § | |
| COMPANY, | § | |
| *Defendant.* | § | |

## COMPLAINT

Comes Now, Plaintiff, WILLIS ALLEN YORK, complaining of Defendant, UNION PACIFIC RAILROAD COMPANY, and in support hereof respectfully shows the Court as follows:

### A. PARTIES

1. Plaintiff, WILLIS ALLEN YORK, has been employed by Defendant Railroad since approximately 1976.

2. Defendant Railroad is and has at all relevant times been a common carrier by railroad, engaged in interstate commerce, in and throughout the United States.

### B. JURISDICTION & VENUE

3. At all relevant times, Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of Plaintiff's duties have been in furtherance of and have closely, directly and substantially affected interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.*, which grants this Court jurisdiction over this action.

TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
DISTRICT COURT
EASTERN DISTRICT OF TEXAS

*DHaschke*

4. Venue is proper in U.S. District Court for the Eastern District of Texas because Defendant Railroad was conducting business in this district at the time this action was commenced. 45 U.S.C. § 56.

### C. FACTS

5. Under the Federal Employers' Liability Act (the "FELA"), Defendant Railroad is liable for damages to any employee suffering injury or death as a result of his or her employment with such carrier, where such injury or death results in whole or in part from the negligence of any of the officers, agents, or employees of Defendant Railroad, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

6. The FELA places a continuing duty on Defendant Railroad to furnish its employees with a safe place to work.

7. At all times relevant hereto, the property, equipment, materials and operations involved in the injuries sustained by the Plaintiff were owned and/or under the direct and exclusive control of Defendant Railroad, its agents, servants and/or employees.

8. While working for Defendant Railroad, Plaintiff was exposed to various ergonomic risk factors to his hands, wrists, arms, neck, legs, knees and back, due to the equipment, methods and conditions he was exposed to in performing his work for Defendant Railroad.

9. Plaintiff's cumulative and/or repetitive exposure to these ergonomic risk factors throughout the course of his employment with Defendant Railroad has resulted in disorders of the musculoskeletal and/or nervous systems, including but not limited to injuries to his knee.

10. At all relevant times, Plaintiff was unaware of the dangerous propensities of the ergonomic risk factors to which he was exposed. Plaintiff did not learn the nature of the cause of these injuries, or that such injuries were related to his occupational exposure to ergonomic risk factors until less than three years prior to filing this suit.

### D. COUNT 1: NEGLIGENCE

11. Plaintiff's injuries and resulting damages were sustained as a direct and proximate result, in whole or in part, of one or more of the following negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act:

a) In failing to provide Plaintiff with a reasonably safe place within which to work;

b) In failing to adequately warn its employees, including Plaintiff, of the risks, dangers, and harm associated with occupational exposure to ergonomic risk factors;

c) In failing to comply with applicable government regulations and industry guidelines, particularly those promulgated by the Association of American Railroads;

d) In failing to perform an ergonomic screening or appropriate job analysis of the jobs performed by Plaintiff;

e) In failing to provide adequate training to Plaintiff regarding ergonomic risk factors;

f) In continuing to dispute the presence of ergonomic risk factors in the railroad work environment instead of taking systematic steps to minimize their effects;

g) In failing to implement a comprehensive plan to control the hazards of exposure to ergonomic risk factors for trainmen like Plaintiff;

h) In failing to implement a comprehensive ergonomics program consistent with published guidelines for the prevention of work related musculoskeletal disorders;

i)      In failing to systematically implement engineering and/or administrative controls to eliminate and/or decrease the exposures of trainmen like Plaintiff to ergonomic risk factors;

j)      In failing to failing to periodically test and examine its employees, including Plaintiff, to determine if they were subject to any ill effects as a result of occupational exposure to ergonomic risk factors;

k)      In failing to provide its employees, including Plaintiff, with protective equipment to protect them from ergonomic risk factors;

l)      In negligently providing its employees, including Plaintiff, with tools and/or equipment which Defendant knew or reasonably should have known caused or contributed to ergonomic risk factors;

m)      In failing to promulgate, issue, circulate and/or enforce adequate safety rules and/or policies regarding prevention and avoidance of ergonomic risk factors;

n)      In failing to modify or eliminate certain job duties, equipment or practices to eliminate or reduce the ergonomic risk factors to which its employees, including Plaintiff, were exposed;

o)      In failing to monitor the work habits and practices of its employees, including Plaintiff, to determine if their work activities placed them at risk for exposure to ergonomic risk factors;

p)      In assigning and/or continuing to assign Plaintiff to a job that Defendant Railroad knew or should have known was beyond Plaintiff's physical capabilities; and/or

q)      Such other acts and/or omissions as may be shown at time of trial.

12.      Plaintiff seeks all elements of damages, in the past and in the future, permitted under the law from Defendant Railroad including, but not limited to:

a)      The reasonable expense of hospitalization and/or medical care and treatment, required in the past or that may be required in the future;

b)      Loss of earning capacity and/or loss of ability to earn money, including loss or deprivation of benefits, both in the past and in the future;

c)      Physical pain and suffering, both in the past and in the future;

d)      Disability and/or physical impairment, both in the past and in the future;

    e)     Disfigurement, including recovery for embarrassment and humiliation, both in the past and in the future;

    f)     Mental anguish and/or emotional distress, including any loss or decrease of capacity for enjoyment of life, both in the past and in the future;

    g)     Aggravation of any pre-existing injury, illness, or physical defect resulting in physical injury;

    h)     Costs of court and pre-judgment and post-judgment interest as allowed by law; and/or

    i)     All other damages that Plaintiff would show that he is entitled to at the time of trial.

13.     Plaintiff would respectfully show the Court that the above referenced damages were sustained as a direct and proximate result, in whole or in part, of one or more of the negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

### E. COUNT 2: AGGRAVATION

14.     Additionally, and/or in the alternative, in the event it is shown at the time of trial that Plaintiff was suffering from some form of pre-existing injury, illness, or physical defect at the time of trial, Plaintiff would respectfully show the Court that such condition, if any, was aggravated and/or accelerated, in whole or in part, by one or more of the following negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act:

    a)     In failing to provide Plaintiff with a reasonably safe place within which to work;

    b)     In failing to adequately warn its employees, including Plaintiff, of the risks, dangers, and harm associated with occupational exposure to ergonomic risk factors;

c) In failing to comply with applicable government regulations and industry guidelines, particularly those promulgated by the Association of American Railroads;

d) In failing to perform an ergonomic screening or appropriate job analysis of the jobs performed by Plaintiff;

e) In failing to provide adequate training to Plaintiff regarding ergonomic risk factors;

f) In continuing to dispute the presence of ergonomic risk factors in the railroad work environment instead of taking systematic steps to minimize their effects;

g) In failing to implement a comprehensive plan to control the hazards of exposure to ergonomic risk factors for trainmen like Plaintiff;

h) In failing to implement a comprehensive ergonomics program consistent with published guidelines for the prevention of work related musculoskeletal disorders;

i) In failing to systematically implement engineering and/or administrative controls to eliminate and/or decrease the exposures of trainmen like Plaintiff to ergonomic risk factors;

j) In failing to failing to periodically test and examine its employees, including Plaintiff, to determine if they were subject to any ill effects as a result of occupational exposure to ergonomic risk factors;

k) In failing to provide its employees, including Plaintiff, with protective equipment to protect them from ergonomic risk factors;

l) In negligently providing its employees, including Plaintiff, with tools and/or equipment which Defendant knew or reasonably should have known caused or contributed to ergonomic risk factors;

m) In failing to promulgate, issue, circulate and/or enforce adequate safety rules and/or policies regarding prevention and avoidance of ergonomic risk factors;

n) In failing to modify or eliminate certain job duties, equipment or practices to eliminate or reduce the ergonomic risk factors to which its employees, including Plaintiff, were exposed;

o) In failing to monitor the work habits and practices of its employees, including Plaintiff, to determine if their work activities placed them at risk for exposure to ergonomic risk factors;

p)   In assigning and/or continuing to assign Plaintiff to a job that Defendant Railroad knew or should have known was beyond Plaintiff's physical capabilities; and/or

q)   Such other acts and/or omissions as may be shown at time of trial.

15.   Plaintiff seeks all elements of damages, in the past and in the future, permitted under the law from Defendant Railroad including, but not limited to:

a)   The reasonable expense of hospitalization and/or medical care and treatment, required in the past or that may be required in the future;

b)   Loss of earning capacity and/or loss of ability to earn money, including loss or deprivation of benefits, both in the past and in the future;

c)   Physical pain and suffering, both in the past and in the future;

d)   Disability and/or physical impairment, both in the past and in the future;

e)   Disfigurement, including recovery for embarrassment and humiliation, both in the past and in the future;

f)   Mental anguish and/or emotional distress, including any loss or decrease of capacity for enjoyment of life, both in the past and in the future;

g)   Aggravation of any pre-existing injury, illness, or physical defect resulting in physical injury;

h)   Costs of court and pre-judgment and post-judgment interest as allowed by law; and/or

i)   All other damages that Plaintiffs show he is entitled to at the time of trial.

16.   Plaintiff would respectfully show the Court that the above referenced damages were sustained as a direct and proximate result, in whole or in part, of one or more of the negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

### F. JURY DEMAND

17.   Plaintiff demands a trial by jury and herewith tender the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, , demands Defendant Railroad, , answer herein as the law directs; and that upon final hearing, this Court enter Judgment against Defendant Railroad for actual and special damages together with interest thereon at the legal rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, which may be just and proper under the law.

Respectfully submitted,

VASQUEZ & SAMMONS, L.L.P.

J. KIRKLAND SAMMONS
TBN: 50511552
RYAN K. BRENT
TBN: 24040571
The Lyric Centre
440 Louisiana St., Suite 1440
Houston, Texas 77002
Tel.: (713) 425-7200
Fax: (713) 425-7210

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

**CHANDLER LAW OFFICES**
GEORGE E. CHANDLER
TBN: 04094000
207 E Frank Ave # 105
Lufkin, TX 75901
Tel.: (936) 632-7778
Fax: (936) 632-1304