IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION


| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD CO. | § | |


NOTICE OF SCHEDULING CONFERENCE,
PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
AND PROPOSED DISCOVERY ORDER


After careful consideration, the Court is of the opinion that the following order should issue *sua sponte*.

Notice of Scheduling Conference

Pursuant to Fed.R.Civ.P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for **October 22, 2007, at 10:00 a.m.** at the United States Courthouse, 104 North Third Street, Lufkin, Texas.  The parties will be expected, at the Scheduling Conference, to discuss the facts and legal theories of the case.  In addition, the parties will be expected to be prepared to discuss all pending motions.

Proposed Deadlines for Docket Control Order

The proposed deadlines for docket control order set forth in the attached "Appendix A" shall be discussed at the Scheduling Conference.  The Court will not modify the proposed trial date except for good cause shown.  The parties should confer before the scheduling conference in accordance

1

with Fed.R.Civ.P. 26(f).  The parties are excused, however, from the requirement of filing a written proposed discovery plan in this case.  Limits on discovery will be discussed at the Scheduling Conference.

<u>Discovery Order</u>

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed.R.Civ.P. 16, it is **ORDERED AS FOLLOWS**:

1.      **Disclosures.  The disclosure standard is hereby modified to apply to any information relevant to the claims and defenses of any party**.  The parties are referred to Local Rule CV-26(d) "Relevant to the Claim or Defense," for assistance in determining what information meets this standard.  **Within thirty (30) days after the Scheduling Conference**, each party shall disclose to every other party the following information:

       (a)      the correct names of the parties to the lawsuit;

       (b)      the name, address and telephone number of any potential parties;

       (c)      the name, address and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

       (d)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

       (e)      any settlement agreements relevant to the subject matter of this action;

       (f)      in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such

medical records and bills; and

2.    **Additional Disclosures**.  In addition to the disclosures required in Paragraph 1 of this Order,

the parties are required, **within forty-five (45) days after the Scheduling Conference** and

without awaiting a discovery request, to provide to every other party the following:

(a)    a copy of all documents, data compilations and tangible things in the possession, custody or control of the party that are relevant to the pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(b)    a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c)    those documents and authorizations described in Local Rule CV-34.

3.    **Expert Witnesses**.  For any testifying expert, by the date set by the Court in the Scheduling

Order, each party shall disclose to the other party or parties:

(1)    the expert's name, address and telephone number;

(2)    the subject matter on which the expert will testify;

(3)    the general substance of the expert's mental impressions and opinions and a brief summary of the bases for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

(4)    if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

(A)    all documents, tangible things, reports, models, or data compilations that have been provided to,

3

reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B)     the expert's current resume and bibiliography.

4.     **Discovery Limitations**.  Unless otherwise ordered, discovery in this cause shall be limited to the disclosures described in Paragraphs 1-3, together with 25 interrogatories and 25 requests for admissions per side, the depositions of the parties and depositions on written questions of custodians of business records for third parties.  "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.

5.     **Pre-trial disclosures**.  Absent a showing of good cause by any party, the parties shall make the following additional disclosures:

Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(d)     The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(e)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(f)     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the Court, these disclosures shall be made **at least 30 days before trial**.  Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing:

4

(1)    any objections to the use under Rule 32(a) of a deposition designated by another party under subsection (b); and

(2)    any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subsection (c).

Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

6.    **Signature**.  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed.R.Civ.P. 5.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

7.    **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

8.    **Disputes**.  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

9.    **No Excuses**.  A party is not excused from the requirements of this Discovery Order because

it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

So **ORDERED** and **SIGNED** this **4** day of **September, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

**APPENDIX A**

**PROPOSED DEADLINES FOR DOCKET CONTROL ORDER
TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

| | | |
|---|---|---|
| 1. | Disclosures[1] | **November 21, 2007** |
| 2. | Additional Disclosures[2] | **December 5, 2007** |
| 3. | Amend pleadings: | **December 14, 2007** |
| 4. | Answer amended pleadings: | **December 28, 2007** |
| 5. | Plaintiff to designate expert witnesses and provide expert report | **December 28, 2007** |
| 6. | Defendant to designate expert witnesses and provide expert report | **January 28, 2008** |
| 7. | Discovery deadline: | **February 15, 2008** |
| 8. | Mediation deadline | **February 22, 2008** |
| 9. | Filing dispositive motions and any other motions that may require a hearing, including *Daubert* motions: | **February 29, 2008** |
| 10. | Response to dispositive motions (including *Daubert* motions). If a dispositive motion or other motion requiring a hearing is filed prior to the deadline, the response deadline will be governed by the Local Rules: | **March 14, 2008** |
| 11. | Pretrial Disclosures | **March 17, 2008** |
| 12. | Motions in limine, Joint Final Pretrial Order, jointly proposed jury instructions and form of the verdict and objections to depositions or exhibits | **March 24, 2008** |
| 13. | Date parties should be prepared to try case Cases will be set for trial at Court's discretion within 20 days from this date or reset to the next docket | **April 7, 2008** |

---

[1] See "Disclosures" above, Paragraph 1.

[2] See "Additional Disclosures" above, Paragraph 2.