IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD COMPANY | § | |

## ORDER

The above-styled lawsuit was filed on July 30, 2007 seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). The matter was referred to the undersigned for all pretrial proceedings in accordance with 28 U.S.C. § 636. Plaintiff filed a Motion to Consolidate (document #16) on October 23, 2007 that is the subject of this Order.

*Background*

Plaintiff is an employee of Defendant. He alleges that he has been exposed to various ergonomic risk factors during his employment that resulted in disorders of his musculoskeletal and/or nervous systems, including but not limited to injuries to his knee.

On October 23, 2007, Plaintiff filed his Motion to Consolidate. Plaintiff seeks to consolidate this case with a case styled *Tridle, Jr., et al. v Union Pacific Railroad Company*, Civil Action No. 9:07cv213. In the *Tridle* case, there are four plaintiffs that are current and former employees of defendant alleging that they were exposed to various ergonomic risk factors during their employment that resulted in disorders of their musculoskeletal and/or nervous systems. They seek relief pursuant to the FELA. Plaintiff submits that the facts of both cases are similar and substantially related in subject matter in that: all plaintiffs had similar occupations as shop craft workers in the Mechanical

Department; they had similar time of exposure, and they concern similar types of diseases in that they all allege personal injuries due to the effects of cumulative trauma from continuous exposure to known ergonomic risk factors due to usage of equipment, methods and conditions they were exposed to in performing their work for Defendant.  Plaintiff argues that these cases should be consolidated because they involve a common defendant, the same attorneys, common issues of law, common issues of fact, consolidation will conserve judicial resources and consolidation will not result in an unfair advantage.

Defendant filed a response on November 5, 2007, opposing consolidation.  Defendant asserts that consolidation would result in undue prejudice and overwhelming confusion of the jury. Defendant submits that the various plaintiffs were not employed at the same worksite or for the same amount of time and they complain of different injuries.  Defendant argues that Plaintiff has not shown common issues of law and fact justifying consolidation.  Defendant asserts that the plaintiff in this case and the four plaintiffs in the *Tridle* case have disparate employment venues, occupational tasks (or subtasks), tools and equipment usage, symptoms, therapy, non-railroad employment, personal health attributes and severity of medical conditions.

*Discussion and Analysis*

Pursuant to Fed.R.Civ.P. 42(a), "actions involving a common question of law or fact" may be consolidated.  Cases may be consolidated in the Court's discretion to expedite proceedings or to eliminate unnecessary repetition and confusion.  *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) (the Court has broad discretion to decide whether consolidation is desirable under Rule 42(a)); *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984).  The preferred method of consolidation is for multiple actions to be tried together, but maintain their separate

identity and character with entry of a separate judgment. *Frazier*, 980 F.2d at 1532.

Defendant argues that Plaintiff in this case and the four plaintiffs in the *Tridle* case have different facts, but the four plaintiffs in the *Tridle* case are already joined as plaintiffs. Their factual disparity is not at issue. The issue is whether there are common issues of either fact or of law between this case and the *Tridle* case, such that the Court should exercise its discretion to consolidate them. Rule 42(a) does not require common questions of both law and fact.

In this case, the undersigned finds that this lawsuit and the *Tridle* case have common issues of law. Both cases are seeking relief pursuant to the FELA for alleged exposure to various ergonomic risk factors during railroad employment that resulted in disorders of the musculoskeletal and/or nervous systems. Nevertheless, these cases have very different pretrial deadlines and trial schedule. This case is scheduled for a docket call with Judge Heartfield on April 7, 2008. The Tridle case, on the other hand, is scheduled for a docket call with Judge Heartfield on August 4, 2008. Consolidating the lawsuits would require changing all pretrial deadlines in this case and postponing its docket call for four months. The undersigned is not persuaded that the Court should exercise its discretion to consolidate these cases.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Consolidate (document #25) is **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **November, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

3