IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER

The above-styled lawsuit was filed on July 30, 2007 seeking relief pursuant to the Federal Employers' Liability Act. The matter was referred to the undersigned for all pretrial proceedings in accordance with 28 U.S.C. § 636.

*Background*

Plaintiff is an employee of Defendant. He alleges that he was exposed to various ergonomic risk factors during his employment that resulted in disorders of his musculoskeletal and/or nervous systems, including but not limited to his knee.

On December 18, 2007, Defendant filed a Second Motion for Independent Examination of Willis Allen York (document #24). According to the Court's docket, this is the first motion for independent medical examination filed in this case. The motion asserts that Plaintiff's physical condition will be in controversy in this case, including whether Plaintiff needs any additional treatment, and that good cause exists because an independent medical examination will allow

Defendant to more fully and fairly develop its defense. Defendant asserts that Plaintiff claims cumulative neck trauma and seeks an order for Plaintiff to submit to an examination of his neck and cervical spine by Dr. David Vanderweide on January 16, 2008 at 10:00 a.m.

Plaintiff filed a response on December 28, 2007. Plaintiff argues that Defendant's motion does not meet the requirements of Fed.R.Civ.P. 35. Plaintiff asserts that Defendant has not shown that his physical condition is in controversy and submits that his physical condition has already been established. Plaintiff further asserts that Defendant has not shown good cause and has not defined the scope of the requested examination. Plaintiff submits that he is not making a claim concerning his neck or back and there is no need for an examination of his neck and back. He states that his injury is to his right knee.

Defendant filed a reply on January 7, 2008. Defendant asserts that Plaintiff's only examinations have been by his treating physicians and several of the treating physicians have recommended future treatment. Defendant submits that Plaintiff claims a knee injury as a result of cumulative trauma during his employment, but none of the treatment physician records determine what portion of his injuries are attributable to his alleged work-related injuries and what portion, if any, is attributable to other injuries or conditions. Defendant now seeks an examination of Plaintiff's knees by Dr. Vanderweide on January 30, 2008 at 10:00 a.m.

*Discussion and Analysis*

Pursuant to Fed.R.Civ.P. 35(a), the physical examination of a party by a suitably licensed or certified examiner may be ordered when the party's physical condition is in controversy. Rule 35(a) specifies that an order for such an examination, "may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place,

manner, conditions, and scope of the examination and the person or persons by whom it is to be made." For the court to order a physical examination, all three requirements of Rule 35 must be met: (1) the party's physical condition must be in controversy; (2) the expert must be a physician; and (3) good cause must be shown. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir.1990).

Rule 35 requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 243 (1964). Other district courts in the Fifth Circuit have determined that Rule 35(a) should be construed liberally in favor of granting discovery and have recognized that good cause for an independent medical examination exists when the plaintiff has placed his medical condition at issue. *See, e.g., Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 n. 1 (N.D.Tex.1996); *Evans v. Noble Drilling Corp.*, 2007 WL 2818001, slip copy p. 2 (*citing Schlagenhauf v. Holder*, 379 U.S. at 119).

In this case, Plaintiff seeks monetary damages for physical injuries that he allegedly sustained as a result of and during his employment with Defendant. He has not undergone a previous independent medical examination. There is no dispute that the doctor proposed by Defendant is a qualified physician. Defendant has provided the time and place for the examination, as well as the scope for the examination in that Dr. Vanderweide is requested to examine Plaintiff's knees. Viewing these facts, the undersigned finds that Defendant has satisfied the requirements of Fed.R.Civ.P. 35(a) and Plaintiff should be compelled to submit to the requested independent medical examination.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Independent Medical Examination of Willis Allen

3

York (document #24) is **GRANTED** and Plaintiff shall appear at the date, time and location requested by Defendant in the reply brief.

So **ORDERED** and **SIGNED** this **11** day of **January, 2008.**

*/s/ Judith K. Guthrie*
_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE