IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER

The above-styled lawsuit was filed on July 30, 2007 seeking relief pursuant to the Federal Employers' Liability Act. The matter was referred to the undersigned for all pretrial proceedings in accordance with 28 U.S.C. § 636.

*Background*

Plaintiff is an employee of Defendant. He alleges that he was exposed to various ergonomic risk factors during his employment that resulted in disorders of his musculoskeletal and/or nervous systems, including but not limited to his knee. The undersigned issued an Order on January 11, 2008, granting Defendant's Second Motion for Independent Examination of Willis Allen York. On January 15, 2008, Plaintiff filed a Motion for Reconsideration of Order Granting Independent Medical Examination (document #33).[1]  Plaintiff seeks to add the following limitations to the independent examination:

1)   The licensed physician conducting the examination be located within 100 miles of

---

[1] Plaintiff does not identify a legal basis for seeking reconsideration and does not request relief pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A).

      Plaintiff's residence;

2)      Defendant to pay all costs, including reimbursement for travel, if any;

3)      A copy of the IME report, including all notes, transcripts, original recordings transcribed, recordings (audio and/or video) which are not transcribed, references to specific records relied upon and references to specific texts relied upon, shall be produced to Plaintiff's counsel within thirty days of the examination;

4)      Plaintiff not be required to fill out any forms unless submitted to Plaintiff's counsel and approved therein, seven days prior to the examination;

5)      Plaintiff not be required to sign anything outside the presence of Plaintiff's counsel;

6)      The physician's questions must be strictly limited to questions absolutely necessary to perform the physical examination; and

7)      Counsel for Plaintiff or his representative be allowed to attend and video tape the medical examination.

Defendant filed a response on January 22, 2008, opposing the limitations requested by Plaintiff.

*Discussion and Analysis*

      Pursuant to Fed.R.Civ.P. 35(a), the physical examination of a party by a suitably licensed or certified examiner may be ordered when the party's physical condition is in controversy. Nothing in Rule 35 requires the limitations requested by Plaintiff. Whether the limitations are appropriate or not, Plaintiff should have raised these issues in response to the motion seeking an independent medical examination. Seeking such restrictions now, after an Order has been entered, serves only to delay the examination.

      To the extent that Plaintiff complains that the examiner is not conveniently located near his residence, it is noted that the examiner is located in Houston, Texas, which is just outside of the Eastern District of Texas and approximately 120 miles from Lufkin, Texas. Plaintiff chose to file this lawsuit in the Eastern District of Texas, Lufkin Division, and he should be amenable to making

himself available in and near this venue. Pursuant to Rule 35(b)(1) and (2), Defendant must provide Plaintiff with a copy of the examiner's report, which must be in writing and set out in detail the examiner's findings, including diagnoses, conclusions and the results of any tests. Plaintiff has not shown authority for imposing the additional limitations that are requested in the motion for reconsideration. After due consideration, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Independent Medical Examination (document #33) is **DENIED**.

So **ORDERED** and **SIGNED** this **23** day of **January, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE