IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD COMPANY | § | |

<u>ORDER</u>

Plaintiff Willis Allen York filed the above-styled lawsuit on July 30, 2007, in the Eastern District of Texas, Lufkin Division. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636. On January 15, 2008, Defendant filed a Motion to Transfer Venue (document #32). A response was filed by Plaintiff on January 25, 2008, followed by a reply by Defendant on January 30, 2008 and a sur-reply filed by Plaintiff on February 1, 2008. For the reasons assigned below, the undersigned finds that the motion should be granted.

*Background*

This lawsuit was filed seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). Plaintiff states in the complaint that he was injured in the course and scope of his employment with Union Pacific Railroad Company ("Union Pacific"). He alleges that he has suffered disorders of his musculoskeletal and/or nervous systems, including injuries to his knee, as a result of cumulative and repetitive trauma during the course of his employment. Plaintiff asserts

that his injuries resulted from Union Pacific's negligence.

Union Pacific filed a Motion to Transfer Venue. Union Pacific argues that a transfer to the District of Nebraska is appropriate in this case. Union Pacific submits that this case has no factual connection to the Eastern District of Texas, in that Plaintiff has never lived in Texas, worked in Texas or received any medical treatment in Texas. Plaintiff worked in Pocatello, Idaho until 2000, when he transferred to North Platte, Nebraska. Union Pacific asserts that the District of Nebraska is a more convenient forum for this case than the Eastern District of Texas and seeks a transfer pursuant to 28 U.S.C. § 1404(a).

Plaintiff filed a response on January 25, 2008. Plaintiff submits that a transfer would cause delay because the case is currently scheduled for trial on or about April 7, 2008. Plaintiff submits that his choice of forum is a substantial right because this is a FELA case. Plaintiff argues that Union Pacific has not shown good cause for a transfer in this case. Plaintiff asserts that the interests of justice would not be furthered by a transfer because a transfer would cause delay.

In its reply, Union Pacific asserts that Plaintiff's choice of forum, the possibility of delay and the location of counsel are not § 1404(a) factors. Union Pacific further disputes Plaintiff's interpretation of the effect of FELA's venue provision on a motion seeking to transfer pursuant to § 1404(a). Plaintiff's sur-reply asserts that the most recent Fifth Circuit case concerning § 1404(a) transfers is distinguishable from this case because it did not involve a FELA claim. Plaintiff argues that Plaintiff's choice of forum is to be given deference and that delay, location of counsel and political or economic influence are still factors to be considered.

*Discussion and Analysis*

Defendant seeks a transfer of this case to the District of Nebraska pursuant to 28 U.S.C. §

1404(a), which allows the Court, in its discretion, to transfer a case to any other district where it might have been brought. The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id.* at 616. The decision whether to transfer a case is within the sound discretion of the district court. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). The amount of deference sought by Plaintiff for his choice of forum would render § 1404 inapplicable in a FELA case. Contrary to Plaintiff's assertions, parties may seek a § 1404(a) transfer in a FELA case. Indeed, "Congress cited a FELA case as an example of the need for such a provision, and courts have consistently held that § 1404(a) applies to all actions, not just those listed in the general venue provisions." *Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 654 (E.D.Tex.1999).

The first issue for consideration when deciding whether a transfer is appropriate is, "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 826 (2003). A lawsuit "might have been brought" in a district and division where the jurisdictional and venue requirements are satisfied. *Van Dusen v. Barrack*, 376 U.S. 612, 621-22, 84 S.Ct. 805, 810-11 (1964).

Plaintiff asserts a claim pursuant to the FELA. Pursuant to 45 U.S.C. § 56, a FELA lawsuit, "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Plaintiff argues at length in his response that venue is proper in the Eastern District of Texas and that Congress intended to allow plaintiffs to file FELA lawsuits anywhere the railroad does business. The parties do not dispute, however, that jurisdiction

and venue would be permitted, in accordance with 45 U.S.C. § 56, in this district and the District of Nebraska.

Next, the burden is placed on the movant to show why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d at 698. The Fifth Circuit recently clarified that the proper standard is whether the movant has shown good cause for a transfer. *In re Volkswagen*, 506 F.3d 376, 380 (5th Cir.2007) (rejecting requirement for the movant to show that the balance of convenience and justice substantially weighs in favor of transfer). Although a plaintiff's choice of forum has typically been considered by courts as one of the private interest factors when analyzing a motion for § 1404(a) transfer, the deference given to a plaintiff's choice of forum establishes the burden that the movant must meet when seeking a § 1404(a) transfer. *Id*. at 381. In other words, because of the deference afforded a plaintiff's choice of forum, a movant must show that a transfer is for the convenience of the parties and witnesses and that it is in the interest of justice. *Id.*

There are essentially two categories of factors to be considered: factors relating to the convenience of parties and witnesses, referred to as private interest factors, and factors relating to the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947); *Walter Fuller Aircraft Sales v. The Rep. Of the Philippines*, 965 F.2d 1375, 1389 (5th Cir.1992). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, 506 F.3d at 380 (citing *In re Volkswagen AG*, 371 F.3d. 201, 203 (5th Cir.2004). The location of counsel is irrelevant to a decision on transfer of venue and is improper for consideration. *In re Horseshoe Entertainment*, 337

F.3d at 434. Factors to consider concerning the public interest include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

*Convenience Factors*

*Location of Sources of Proof*

The first factor is the accessibility and location of sources of proof. Typically, the location of documents and business records is given little weight, unless the documents are "so voluminous that their transport is a major undertaking." *Dupre*, 810 F.Supp. at 827. In this case, no records are located in the Eastern District of Texas. Plaintiff alleges that he was injured during his employment and none of his employment or medical care took place in the Eastern District of Texas. Union Pacific states that documents relating to Plaintiff's employment are located in Omaha, Nebraska and Plaintiff's medical records are located in his doctor's offices in North Platte, Nebraska and Kearney, Nebraska. None of the sources of proof are located in the Eastern District of Texas; rather they are all located in the District of Nebraska. This factor weighs in favor of a transfer because none of the sources of proof are located in this district.

*Availability of Compulsory Process*

Courts should consider the availability and convenience of witnesses and parties, including the availability of compulsory process. Courts commonly consider the availability, convenience and cost of witnesses as one of the most important considerations. *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 928 (E.D.Tex.1999) (citing *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993)); *TV-3, Inc.*, 28 F.Supp.2d at 411 (citing *Fletcher v. Southern Pacific Trans. Co.*,

648 F.Supp. 1400, 1401-02 (E.D.Tex.1989)); *Reed,* 995 F.Supp. at 714; *Gundle Lining Construction Corp.*, 844 F.Supp. at 1166.

When considering the convenience of witnesses, the Court must be concerned with the convenience of only "key" witnesses. *Gardipee*, 49 F.Supp. at 929. None of the witnesses identified by either party are located within the Eastern District of Texas. Any witness unwilling to appear at trial would be outside of the 100-mile subpoena radius if the trial is in Lufkin, Texas. Union Pacific asserts that the testimony of Plaintiff's treating physicians will have particular importance in this case because Plaintiff is alleging an injury that accumulated over thirty years of employment. Union Pacific argues that the treating physicians should be compelled to testify in person in this case at trial, rather than by deposition, because medical testimony will be key in this case and their live testimony will be necessary to balance the testimony of retained expert witnesses. Union Pacific submitted declarations from three of Plaintiff's four treating physicians stating that they will not voluntarily attend trial in Lufkin, Texas because it is inconvenient. This factor weighs in favor of a transfer.

*Cost of Attendance for Willing Witnesses*

The third factor concerns the cost of attendance for willing witnesses. It is axiomatic that it is more convenient for witnesses to attend trial close to home. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." *In re Volkswagen AG*, 371 F.3d at 205. For a trial in the Eastern District of Texas, all witnesses will be required to travel. It appears that the majority of potential witnesses are located within the District of Nebraska. With none of the witnesses located in this district, the convenience of the witnesses and parties overall favors a transfer.

*Public Interest Factors*

As previously stated, the public interest factors include issues such as relative court congestion, community nexus to the lawsuit resulting in a local interest in adjudicating the dispute, the familiarity of the forum with the law that will govern the case and the desire to avoid any conflict of law issues.

In this case, the District of Nebraska has a superior interest in adjudicating this dispute. A portion of Plaintiff employment, including his most recent employment, occurred in the District of Nebraska and the Plaintiff is a resident of the District of Nebraska. The Eastern District of Texas, on the other hand, has no connection to the facts giving rise to this lawsuit. Plaintiff has not lived or worked here and did not acquire his injury here. There are no conflict of laws issues in this case because this lawsuit is brought under federal law. There has been no showing that the District of Nebraska's docket is so congested, as compared with the Eastern District of Texas, Lufkin Division, that it would be burdensome to transfer this case there. Indeed, although Plaintiff submits that this case is set for trial on April 7, 2008, Plaintiff does not have a firm trial setting and it is unlikely that this case would proceed to trial at that time. Due to the number of FELA lawsuits filed in the Lufkin Division within the past year, there are currently 5 FELA lawsuits wherein the parties have been instructed to "be ready for trial" in early April 2008. Those five lawsuits include FELA claims by fourteen plaintiffs. Obviously, that many claims cannot be tried at the same time. In addition, Judge Heartfield undoubtedly has other, non-FELA cases set for his April docket

Balancing all of these various factors, the Court is of the opinion that Defendant has satisfied its burden of showing good cause for a transfer. The Eastern District of Texas is not a convenient forum for this case. While it is understood that there may be some delay in this case because of the

transfer, there has been no showing that the delay will be so significant as to outweigh the good cause shown for a transfer. The lawsuit should be transferred to the District of Nebraska. It is accordingly

**ORDERED** that the Defendant's Motion to Transfer Venue (document #32) is **GRANTED** and the case is hereby **TRANSFERRED** to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

So **ORDERED** and **SIGNED** this **13** day of **February, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE