FILED
U.S. DISTRICT COURT
OF T..  ..A

08 NOV 20 PM 3:21

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS ALLEN YORK | § | 8:08cv507 |
| Vs. | § | CIVIL ACTION NO. 9:07CV169 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER

On February 13, 2008, United States Magistrate Judge Judith Guthrie issued an Order granting Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). On February 22, 2008, Plaintiff filed an Objection to Magistrate's Ruling and Motion for Reconsideration of Magistrate's Order Transferring Venue (document #43). Finding that the matter should be stayed pending a decision by the Fifth Circuit on the petition for rehearing *en banc* in *In re Volkswagen*, 506 F.3d 376 (5th Cir.2007), Judge Guthrie issued an Order on February 25, 2008 staying the case. The Fifth Circuit subsequently issued its decision on October 10, 2008. *See In re Volkswagen*, Case No. 07-40058, ___ F.3d ___ (5th Cir.2008). The stay should therefore be lifted.

Plaintiff seeks reconsideration by the district judge of Judge Guthrie's Order pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A). Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A), a district judge may set aside all or part of a magistrate judge's order on a pretrial matter if it is shown that the magistrate



TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
DISTRICT COURT
EASTERN DISTRICT OF TEXAS

_DHaschke_

judge's order is clearly erroneous or contrary to law.

Plaintiff argues that the analysis from *In re Volkswagen* does not apply because it was a products liability case and this case involves a FELA claim. There is not, however, a special venue transfer statute applicable to FELA lawsuits. Union Pacific seeks a transfer in this case pursuant to 28 U.S.C. § 1404(a). Title 28, United States Code, Section 1404(a) allows the Court, in its discretion, to transfer a case to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.

Plaintiff asserts that his choice of forum was not afforded appropriate weight. The Fifth Circuit has clarified, however, that the deference given to a plaintiff's choice of forum establishes the burden that the movant must meet when seeking a § 1404(a) transfer. *In re Volkswagen*, No. 07-40058, slip op. 12. The proper standard is whether the movant has shown good cause for a transfer and this "good cause" burden "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* To disturb a plaintiff's choice of forum, the movant must "satisfy the statutory requirements and clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.1963)).

The Magistrate Judge's Order properly considered the private and public interest factors that are set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). *See also In re Volkswagen*, No. 07-40058, slip op. p. 13. Having reviewed the pleadings, I find that Plaintiff has not shown that Judge Guthrie's Order granting Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is clearly erroneous or contrary to law. Defendant has shown good cause for a transfer. It is therefore

2

**ORDERED** that the **STAY** imposed in this case is **LIFTED**. It is further

**ORDERED** that Plaintiff's Motion for Reconsideration of Magistrate's Order Transferring Venue (document #43) is **DENIED** and Plaintiff's objection to the Magistrate Judge's Order is **OVERRULED**. The case is hereby **TRANSFERRED** to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

**SIGNED** this the 21 day of **October, 2008.**

Thad Heartfield
United States District Judge

3