IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIS ALLEN YORK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV507 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Union Pacific Railroad Company's ("Union Pacific"), motion for leave to conduct supplemental deposition and for Rule 35 examinations (Filing No. 84). Upon review of the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds Union Pacific's motion should be granted in part and denied in part.

**BACKGROUND**

Plaintiff brought this action pursuant to the Federal Employers' Liability Act. Plaintiff alleges he was exposed to ergonomic risk factors during his employment with Union Pacific, the exposure resulted in injuries to his musculoskeletal and/or nervous systems, and the injuries were caused by Union Pacific's negligence. The amended complaint also alleges violations of the Federal Safety Authorization Act.

**DISCUSSION**

Union Pacific moves for the following: (1) leave to conduct a second deposition of plaintiff to address plaintiff's alleged hip injury, (2) an order requiring plaintiff to undergo a Rule 35 examination by orthopedic physician Lonnie Mercier, M.D., and (3) an order requiring plaintiff to undergo a Rule 35 examination by vocational rehabilitation counselor Jack Greene, M.Ed, CRC, LPC. Plaintiff does not object to an orthopedic examination by Dr. Mercier provided the following limitations are imposed: (1) plaintiff be permitted to be accompanied by someone to the examination, and (2) plaintiff be provided with any written documentation he will be required to fill out at least ten days in advance of the examination. Plaintiff opposes Union Pacific's motion in all other respects.

**1. Leave to Conduct a Second Deposition of Plaintiff**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must obtain leave of court to take a deposition if the parties have not stipulated to the deposition, and the deponent has already been deposed in the case. "[T]he court must grant leave to the extent consistent with Rule 26(b)(2)[.]" Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) provides in relevant part, the Court "must limit the frequency or extent of discovery . . . if it determines that:

>    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In this case, the requirements of Rule 26(b)(2)(C) are satisfied. Plaintiff did not disclose he was claiming an alleged hip injury during his first deposition, which was taken on January 21, 2008, despite the fact he was asked to identify all injuries that were at issue in the litigation. The first time plaintiff disclosed the injury was in April 2009, when he responded to Union Pacific's second set of interrogatories. Union Pacific is entitled to question plaintiff about this issue, and alternative methods of discovery are not a sufficient substitute in this case. In light of the claims plaintiff has asserted, Union Pacific's need for a second deposition on the issue of plaintiff's claimed left hip injury outweighs the expense plaintiff will have to incur.

The Court will impose the following conditions on the deposition: (1) the scope of the deposition will be strictly limited to the issue of plaintiff's claimed left hip injury, and (2) the duration of the deposition may not exceed 1.5 hours. The Court is aware that discovery in this matter is to be completed by November 2, 2009. Due to the timing of the Court's order, it will permit the parties to schedule plaintiff's second deposition for a date after the close of discovery, if necessary, but in no event later than November 13, 2009.

**2. Request for an Order for Rule 35 Exams**

Union Pacific requests the Court order two Rule 35 exams of the plaintiff: (1) an exam by an orthopedic physician, and (2) an exam by a vocational rehabilitation counselor. Federal Rule of Civil Procedure 35 provides:

> **(a) Order for an Examination**.
> **(1)** *In General.*
> The court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner
> . . . .
>
> **(2)** *Motion and Notice; Contents of the Order.* The order:
> **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the

>           person or persons who will perform
>           it. . . .

Fed. R. Civ. P. 35 (emphasis in original).

The party requesting a Rule 35 exam must adequately demonstrate that the Rule's "in controversy" and "good cause" requirements are satisfied. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). This showing can be made "by affidavits or other usual methods," and in some circumstances, the pleadings alone will be sufficient to establish the requirements are met. *Id.* at 119. "A plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* (internal citation omitted).

**A. Exam by Dr. Mercier**

Union Pacific has sufficiently shown the requirements of Rule 35 are satisfied with regard to an orthopedic examination of plaintiff's knees and left hip by Dr. Mercier. The pleadings establish the "in controversy" and "good cause" requirements for such an exam, and there is no dispute that Dr. Mercier is a qualified physician.

Plaintiff requests the Court impose the following limitations on the examination: (1) plaintiff be permitted to be accompanied to the exam by "someone," and (2) plaintiff be provided any documents which he may be required to fill out at least ten days in advance. Union Pacific opposes these conditions.

Generally, third-parties are not permitted to be present during a Rule 35 medical exam.  *See Scheriff v. C.B. Fleet Co.*, No. 07-C-873, 2008 U.S. Dist. LEXIS 54189, at *3-4 (E.D. Wis. June 16, 2008) (unpublished).  Plaintiff has not identified any reason for the Court to depart from this general rule.  Thus, the Court will not permit plaintiff to have a third-party present during the examination.  Plaintiff's second request is reasonable, and the Court will require Union Pacific to provide plaintiff with any written documentation he will be required to fill out prior to or during the examination at least ten (10) days prior to the date of the exam.

Accordingly, Union Pacific's request for a Rule 35 exam by Dr. Mercier in Omaha, Nebraska, will be granted subject to the condition stated above.  The examination will be limited to an examination of plaintiff's knees and left hip.  The parties are willing to determine the date and time of the examination without the Court's involvement, and therefore, the Court leaves these details to the parties.  The Court will permit the parties to schedule the examination after the close of discovery, if necessary, but in no event later than November 13, 2009.

**B. Exam by Mr. Greene**

Union Pacific requests the Court also order plaintiff to appear in Omaha, Nebraska, for a structured vocational interview by Mr. Greene to assist in determining plaintiff's employability and earning capacity.  Plaintiff opposes this request on the grounds that a vocational examination is not

authorized by Rule 35, and Union Pacific has failed to show "good cause" for the examination.

The Court need not determine whether vocational examinations are authorized by Rule 35, because even if authorized, Union Pacific has not shown that "good cause" exists for the examination.  Union Pacific has not sufficiently demonstrated what the examination would entail or why the information sought cannot be obtained through other modes of discovery.  Accordingly, Union Pacific's request for a Rule 35 vocational examination by Dr. Greene will be denied.  Accordingly,

IT IS ORDERED:

1) Union Pacific's motion for Leave to Conduct Supplemental Deposition and for Rule 35 Examinations is granted in part and denied in part.

2) Union Pacific's request for leave to conduct a second deposition of plaintiff regarding plaintiff's alleged left hip injury is granted to the extent consistent with this order.

3) Union Pacific's request for an order requiring plaintiff to undergo a Rule 35 orthopedic examination by Dr. Mercier is granted to the extent consistent with this order, and plaintiff shall appear for the examination at the date and time to be determined by the parties.

       4) Union Pacific's request for a Rule 35 vocational examination by Dr. Greene is denied.

       DATED this 30th day of October, 2009.

```
                         BY THE COURT:

                         /s/ Lyle E. Strom
                         _____
                         LYLE E. STROM, Senior Judge
                         United States District Court
```