IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIS ALLEN YORK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV507 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff Willis Allen York's ("York") motion to continue the trial date and amend order setting schedule for progression of a civil case (Filing No. 93), and defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment (Filing No. 96).  Upon review, the Court finds York's motion to continue the trial date and amend order setting schedule for progression of a civil case should be denied and Union Pacific's motion for summary judgment should be granted.

**1. York's Motion To Continue The Trial Date And Amend Order Setting Schedule For Progression Of A Civil Case (Filing No. 93)**

York's motion to amend the progression order will be denied.  York's motion to continue the trial date will be denied as moot, as Union Pacific is entitled to summary judgment on all claims.

**2. Union Pacific's Motion For Summary Judgment (Filing No. 96)**

Union Pacific moves for summary judgment on the ground that no genuine dispute exists with regard to medical causation.

## I. BACKGROUND

York worked for Union Pacific as a system gang mechanic, and later as a shop machinist, from approximately 1976 to 2007. York filed suit against Union Pacific, alleging violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, and the Locomotive Inspection Act ("LIA") (formerly the Boiler Inspection Act), 49 U.S.C. §§ 20701-20703.[1] The FELA claim is premised on the allegation that York was exposed to various ergonomic risk factors during his employment, the exposure resulted in "cumulative trauma injuries," including injuries to knees and hip, and these injuries were caused in whole or part by Union Pacific's negligence. The LIA claim is based on the allegation that York worked on or about locomotives during his employment, York was exposed to excessive and/or harmful "cumulative trauma" while engaged in the performance of his duties, and Union Pacific violated the LIA by failing to provide him with a locomotive that was in safe and proper condition, in that the locomotive "caused, transferred, and/or generated excessive and/or harmful cumulative trauma."

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

---

[1] The amended complaint refers to the act as the "Safety Authorization Act."

material fact and that the movant is entitled to judgment as a matter of law." A fact is material when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. When a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

### III. DISCUSSION

**A. FELA Negligence Claim**

Under the FELA, railroads engaging in interstate commerce are liable in damages to their employees for

> . . . injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. . . .

45 U.S.C. § 51. "[S]ubstantively FELA actions are governed by federal law." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165

-3-

(2007). To prevail on an FELA claim, a plaintiff must prove the common law elements of negligence, including causation. *See id.* at 165-166; *see also Dukes v. Ill. Cent. R.R. Co.*, 934 F. Supp. 939, 944 (N.D. Ill. 1996).

"The test of causation under the FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit." *Fletcher v. Union Pac. R.R. Co.,* 621 F.2d 902, 909 (8th Cir. 1980). While a plaintiff does not need to show that the railroad's negligence was the *sole* cause of his injuries, he must produce sufficient evidence from which a jury could conclude that a "probable" or "likely" causal relationship existed. *Moody v. Maine Cent. R.R. Co.,* 823 F.2d 693, 695 (1st Cir. 1987); *Dukes*, 934 F. Supp. at 944.

Nebraska courts require a plaintiff to offer medical expert testimony to establish causation in a FELA case where symptoms of the claimed injury are subjective. *See McNeel v. Union Pac. R.R. Co.,* 276 Neb. 143, 151, 753 N.W.2d 321, 329 (2008). Similarly, federal courts have found medical expert evidence is generally required to prove causation in a FELA case "unless the [causal] connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." *Moody*, 823 F.2d at 695-96 (quoting F. Harper, F. James, O. Gray, *The Law of Torts* § 20.2 (2d ed. 1986)); *see also Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005) (unreported).

The Court finds medical expert testimony is necessary in this case to prove that York's asserted injuries were caused in whole or in part by Union Pacific's alleged negligence. York hopes to have his treating physicians offer medical causation testimony at trial, but he has not provided expert reports for these individuals or otherwise disclosed their causation opinions. As a result, these individuals will not be permitted to offer expert testimony on the issue of medical causation at trial. *See Sowell v. Burlington N. and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *4, 6 (N.D. Ill. Dec. 7, 2004) (unreported); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 594 (D. Neb. 1995). Absent this evidence, there is insufficient evidence to create a genuine dispute for trial regarding medical causation, and York's FELA negligence claim fails as a matter of law. Union Pacific's motion for summary judgment is granted on York's FELA claim.

**B. LIA Claim**

The LIA "supplements" the FELA by imposing an absolute and continuing duty on interstate railroads to provide safe equipment. 30 C.J.S. *Employers' Liability* § 15. The LIA does not create an independent cause of action, and therefore, an LIA claim must be brought under the FELA. *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001). To recover for a violation of the LIA, a plaintiff must prove a violation of the LIA and that plaintiff suffered an injury resulting "in whole or in part" from the violation. *See Coffey v. Ne. Ill. Reg'l*

*Commuter R. Corp.,* 479 F.3d 472, 477 (7th Cir. 2007).

Like the FELA negligence claim, York's LIA claim fails as a matter of law because he has not produced any medical expert testimony to establish causation. Thus, there is insufficient evidence to create a genuine dispute for trial as to whether York's claimed injuries were caused in whole or in part by Union Pacific's alleged violation of the LIA. Union Pacific is entitled to summary judgment on this claim. A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court